UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.3: 23-cv- 00414

HALEEM GILLILAND,

    Plaintiff,

v.

GARRY L. MCFADDEN, individually and in his official capacity as Sheriff of Mecklenburg County; PLATTE RIVER INSURANCE COMPANY, a corporation in its capacity as Surety on the official bond of the Sheriff of Mecklenburg County and KYLE GARRETT HARRIS, individually and in his official capacity as a Detention Officer of Mecklenburg County

    Defendants

**ANSWER TO COMPLAINT**

Defendants Garry L. McFadden, individually and in his official capacity, Platte River Insurance Company, and Kyle Garrett Harris, in his official capacity only, respond to Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

2. Defendants deny the allegations of this paragraph.

3. Defendants lack sufficient information regarding the allegations of this paragraph.

4. Defendants admit the allegations of this paragraph.

5. Defendants admit only that Sheriff McFadden has a surety bond and is a covered participant in a risk pool. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

6. Defendants admit only that Platte River was the Sheriff's surety from May 15- May 20, 2021. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

7. Defendants admit the allegations of this paragraph.

8. Defendants deny the allegations of this paragraph.

9. Defendants deny the allegations of this paragraph.

10. Defendants deny the allegations of this paragraph.

11. Defendants deny the allegations of this paragraph.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

13. Defendants admit only that Harris was employed by the Mecklenburg County Sheriff's Office ("MSCO") as a detention officer. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

16. Defendants deny the allegations of this paragraph.

17. Defendants deny the allegations of this paragraph.

18. Defendants deny the allegations of this paragraph.

19. Defendants deny the allegations of this paragraph.

20. Defendants deny the allegations of this paragraph.

## FACTS

21. No response is necessary for this paragraph.

22. Defendants admit only that Plaintiff is a biological male. Except as so admitted, Defendants lack sufficient knowledge or information to form a belief about the remaining allegations of this this paragraph

23. Defendants deny the allegations of this paragraph.

24. Defendants admit only that Plaintiff was placed in single cell confinement on May 15, 2021, for violating jail policies. Except as so admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

25. Defendants admit the allegations of this paragraph.

26. Defendants admit only that Plaintiff was showering, and supposed to be alone. Defendants further admit that Rajai Strickland entered the shower with Plaintiff's consent. Except as so admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

27. Defendants admit only that Plaintiff and Strickland were placed in single cell confinement. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

28. Defendants deny the allegations of this paragraph.

29. Defendants admit the allegations of this paragraph.

30. Defendants deny the allegations of this paragraph.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

32. Defendants admit the allegations of this paragraph.

33. Defendants admit the allegations of this paragraph.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

35. Defendants admit the allegations of this paragraph.

36. Defendants admit the allegations of this paragraph.

37. Defendants admit the allegations of this paragraph.

38. Defendants deny the allegations of this paragraph.

## FIRST CAUSE OF ACTION
## GROSS NEGLIGENCE OF DEFENDANT

39. No response is necessary for this paragraph.

40. Defendants deny the allegations of this paragraph.

41. Defendants deny the allegations of this paragraph.

42. Defendants deny the allegations of this paragraph and subparagraphs.

43. Defendants deny the allegations of this paragraph.

44. Defendants deny the allegations of this paragraph.

45. Defendants deny the allegations of this paragraph.

## SECOND CAUSE OF ACTION
## 42 USC § 1983 LIABILITY OF DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

46. No response is necessary for this paragraph.

47. Defendants deny the allegations of this paragraph.

48. Defendants admit only that the due process of the Fourteenth Amendment applies to pretrial detainees like Plaintiff. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

49. Defendants deny the allegations of this paragraph.

50. Defendants admit only that the Prison Rape Elimination Act requires MCSO to adopt standards to prevent, detect, and respond to sexual abuse of

5

residents, and that MCSO has adopted such standards. Except as so admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

51. Defendants deny the allegations of this paragraph.

52. Defendants deny the allegations of this paragraph.

53. Defendants deny the allegations of this paragraph.

54. Defendants deny the allegations of this paragraph.

55. Defendants deny the allegations of this paragraph.

56. Defendants deny the allegations of this paragraph.

## FIRST AFFIRMATIVE DEFENSE

Garry McFadden, in his individual capacity, is entitled to qualified immunity for the 42 U.S.C. § 1983 claim against him.

## SECOND AFFIRMATIVE DEFENSE

Garry McFadden in his official capacity and Kyle Harris in his official capacity are entitled to governmental immunity for the gross negligence claim against them.

## THIRD AFFIRMATIVE DEFENSE

Garry McFadden in his individual capacity is entitled to public official immunity for the gross negligence claim against him.

## **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust his remedies under the Prison Litigation Reform Act.

WHEREFORE, Defendants request that the Plaintiff take nothing by way of his Complaint, for trial by jury, and for any other relief deemed appropriate by the Court.

This 18th day of July 2023.

                              s/Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 S. College Street, Ste. 3500
Charlotte, North Carolina 28202
Telephone: 704-331-4992
Facsimile: 704-338-7814
Sean.Perrin@wbd-us.com
*Attorney for Defendants Garry McFadden in his official and individual capacity, Kyle Harris in his official capacity only, and Platte River Insurance Company*

/s/ Marilyn Porter
N.C. State Bar No. 8859
Marilyn.porter@mecklenburgcountync.gov
/s/ J. George Guise
N.C. State Bar. No. 22090
George.guise@mecklenburgcountync.gov
Mecklenburg County Sheriff's Office
801 East Fourth St.
Charlotte, NC 28202
Telephone: 704- 336-8100
George.Guise@mecklenburgcountync.gov

*Attorneys for Defendants Garry McFadden in his official and individual capacity, and Kyle Harris in his official capacity only.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2023, a copy of the foregoing was filed via CM/ECF and a copy was sent via U.S. Mail to the following non CM/ECF participant:

Kyle Garrett Harris
Inmate # 1693707
Warren Correctional Institution
Post Office Box 728
Norlina, NC 27563

                                        s/Sean F. Perrin