UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00414-FDW-SCR

| | |
|---|---|
| HALEEM GILLILAND,           )<br>                             )<br>     **Plaintiff,**          )<br>                             )<br>     v.                      )     **ORDER**<br>                             )<br>GARRY L. MCFADDEN et al,     )<br>                             )<br>                             )<br>     **Defendants.**         )<br>                             ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment as to Defendant Kyle Harris, (Doc. No. 23). For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Default Judgment.

## I.     BACKGROUND

On May 3, 2023, Plaintiff filed suit against Defendants Garry L. McFadden, in his individual capacity and his official capacity as Mecklenburg County Sheriff, Platte River Insurance Company, as Surety on the official bond of the Mecklenburg County Sheriff, and Kyle Harris, in his individual capacity and his official capacity as a Mecklenburg County Detention Officer, in Mecklenburg County Superior Court. (Doc. No. 1-1.) Plaintiff, a transgender female, alleges that she was placed in single cell confinement after being sexually assaulted by another inmate at the Mecklenburg County Detention Center. (Doc. No. 1-1, pp. 10–11.) While Plaintiff was held in single cell confinement, Defendant Harris sexually assaulted Plaintiff. (Id.) Plaintiff brought a claim for gross negligence against Defendant McFadden and a claim under 42 U.S.C. § 1983 against Defendants in their individual and official capacities. (Id. at 12–13.)

1

On June 11, 2023, Defendants removed the case to the Western District of North Carolina. (Doc. No. 1.) On April 22, 2024, the parties stipulated to the dismissal of all claims except the claims against Defendant Harris in his individual capacity. (Doc. No. 15.)

At this time—over a year after the case was removed to this Court—Defendant Harris has not filed an Answer, and the deadline to do so has long passed. Accordingly, on Plaintiff's motion, the Clerk entered default as to Defendant Harris under Federal Rule of Civil Procedure 55(a) on October 18, 2024. (Doc. No. 22.) Plaintiff now requests default judgment on her claim, plus $1 million damages, costs, and interest. (Doc. Nos. 23, 23-1.) On November 4, 2024, Plaintiff and counsel appeared for Docket Call, and the undersigned informed counsel that a trial on damages may be necessary. Thereafter, Plaintiff waived her right to a trial by jury on damages and presented evidence in support of damages to the undersigned.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the award of default judgment. In relevant part, it provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general mater, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If a court finds that liability is established, it must then determine damages. E.E.O.C. v. Carter Behav. Health Servs., Inc., No. 4:09-cv-122, 2011 WL 5325485, at *4 (E.D.N.C. Oct 7,

2015) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See E.E.O.C. v. N. Am. Land Corp., 2010 WL 2723727, at *2 (W.D.N.C. July 8, 2010).

### III. DISCUSSION

#### A. Jurisdiction

This Court has subject matter jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331. The Court must also ensure it has personal jurisdiction over Defendant before entering default judgment. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 (4th Cir. 2009). The court engages in a two-part inquiry when determining whether its exercise of personal jurisdiction over a given defendant is proper. First, jurisdiction must have a basis under North Carolina's long-arm statute. Second, the exercise of personal jurisdiction must comply with due process under the constitution. Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Courts have historically construed North Carolina's long-arm statute to be coextensive with the Due Process Clause. This construction collapses the statutory and constitutional requirements into a single inquiry whether the non-resident defendant has such "minimum contacts" with the forum state that exercising jurisdiction over it does not offend "traditional notions of fair play and substantial justice." See Nolan, 259 F.3d at 215 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

A court may exercise general personal jurisdiction over defendants who have "continuous and systematic" contacts with the forum state regardless of where the relevant conduct occurs.

CFA Inst., 551 F.3d at 292 n. 15. A court may exercise specific personal jurisdiction when the cause of action arises from or is related to the defendant's contacts with the forum. Cambridge Homes of N. Carolina, LP v. Hyundai Const., Inc., 670 S.E.2d 290, 295 (N.C. Ct. App. 2008). The court considers several factors in deciding whether specific jurisdiction exists; these include: "'(1) the extent to which the defendant purposely availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" Id. (quoting Woods Intern., Inc. v. McRoy, 436 F.Supp.2d 744, 748–49 (M.D.N.C. 2006)).

Here, personal jurisdiction over Defendant Harris is proper under the constitution and North Carolina's long-arm statute. N.C. Gen. Stat. § 1-75.4. In her complaint, Plaintiff alleges that Defendant Harris is a resident of Mecklenburg County, North Carolina. (Doc. No. 1-1, p. 9). Additionally, Plaintiff's claims arise from her sexual assault at the Mecklenburg County Detention Center, where Defendant Harris was employed. (Doc. No. 1-1, p. 10.) Defendant Harris caused harm to Plaintiff in North Carolina by sexually assaulting her, and this lawsuit is accordingly one "claiming injury to person . . . within or without this State arising out of an act or omission within this State by the defendant." N.C. Gen. Stat. § 1-75.4(4)(b). For these reasons, this Court has personal jurisdiction over Defendant Harris.

**B.      Default Judgment and Damages**

Based upon the well-pleaded allegations in the complaint, exhibits, and other evidence presented before the Court, Plaintiff has established entitlement to relief, and is hereby granted default judgment against Defendant Harris. On issuance of default judgment, North Carolina courts "have consistently followed the rule that the relief to be granted does not depend upon that asked for in the complaint, but upon whether the matters alleged and proved entitle the complaining

part[y] to the relief granted." Meir v. Walton, 170 S.E.2d 166, 168 (N.C. Ct. App. 1969). "The party seeking damages must prove them . . . to a reasonable certainty. While the claiming party must present relevant data providing a basis for a reasonable estimate, proof to an absolute mathematical certainty is not required." State Props., LLC v. Ray, 574 S.E.2d 180, 188 (N.C. Ct. App. 2002) (internal citations omitted).

Here, Plaintiff seeks default judgment for damages in the amount of $1,000,000 plus costs and interest against Kyle Harris in his individual capacity. Plaintiff asserts that damages of $1,000,000 damages are appropriate based on the emotional distress she has suffered since being assaulted. (Doc. No. 23-1, p. 2.) Plaintiff further supports her request for damages by stating that she received counseling while incarcerated and since being released due to the assault, was placed on antidepressants, and was diagnosed with Post Traumatic Stress Disorder. (Id.)

Although Plaintiff's request for $1,000,000 in damages does not comport with the amount of compensatory damages awarded in similar cases, after reviewing the record and evidence presented in the papers and in open Court on November 4, 2024, the Court finds that compensatory damages in the amount of $150,000 are appropriate.[1]

Plaintiff also requests costs but has not submitted an affidavit attesting to the costs incurred. Accordingly, Plaintiff must submit a bill of costs specifying the costs incurred within fourteen days.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 23), is **GRANTED IN PART and DENIED IN PART**. Default judgment is hereby entered as to Defendant Harris in the amount of $150,000.

---

[1] Although other courts have awarded punitive damages in lawsuits arising out of similar factual scenarios, they are not available where, as here, plaintiff did not request them in her complaint. See Hudson v. Sessoms, No. 5:20-CT-3269-D, 2023 WL 2818716, at *5 (E.D.N.C. Feb. 6, 2023), report and recommendation adopted, No. 5:20-CT-3269-D, 2023 WL 2816826 (E.D.N.C. Apr. 6, 2023).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 23), is **DENIED WITHOUT PREJUDICE** with respect to costs. If Plaintiff intends to proceed with her request for costs, she is **DIRECTED** to submit a bill of costs within 14 days.

**IT IS SO ORDERED.**

Signed: November 5, 2024

Frank D. Whitney
United States District Judge